IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ADELTO SANCHEZ, #12705-111                                                      PETITIONER

VERSUS                                           CIVIL ACTION NO.  5:12-cv-3-DCB-RHW

VANCE LAUGHLIN, Warden ACCC/CCA                                   RESPONDENT

MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal.  Petitioner Adelto Sanchez, an inmate at the Adams County Correctional Center, Washington, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on January 4, 2012.  As directed by an order [3] entered on January 25, 2012, the Petitioner filed a response [4] on February 7, 2012.   After reviewing the petition [1], memorandum in support [2] and response [4], the Court has come to the following conclusions.

I.  Background

Petitioner was sentenced on December 9, 2009, in the United States District Court for the Northern District of California after pleading guilty to possession with intent to distribute and distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Memo. [2-1] at p. 3.   Petitioner was sentenced to serve 60 months in the custody of the Bureau of Prisons with four years of supervised release.  Pet. [1] at p.3.

Petitioner complains that the Bureau of Prisons has incorrectly classified him and incorrectly transferred him to Adams County Correctional Center because it does not provide any early release opportunities.[1]  Pet. [1] at p. 3.  Specifically, the Petitioner claims that the Adams

---

[1] Notwithstanding the Petitioner's claim that he does not have "early release opportunities," according to the attached "Sentence Monitoring Computation Data as of 08-10-2010" to the

County Correctional Center does not offer programs such as the Residential Release Program or any opportunities to be released to a half-way house or home detention. Id. at pp. 1-3. In his response [4], the Petitioner states that "[a]ll population in this facility will be deported." Even though the Petitioner claims that he became a legal resident alien under the Cuban Refugee Act, according to his allegations, he is challenging his present classification status which reflects that he is a Cuban National, see Memo. [2] at pp. 8 and 13-14, and his current place of incarceration, Adams County Correctional Center, apparently, reflects that he is classified as a "deportable alien," see Resp. [4] at p.2.

## II.  Analysis

Petitioner has filed the instant civil action as a request for habeas relief pursuant to 28 U.S.C. § 2241. A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). To the extent the Petitioner argues that he is being deprived benefits provided to other prisoners because of his immigration status, specifically that he is not allowed to participate in early release programs, *i.e.*, half-way house, this Court finds that this request is properly before the Court as a § 2241 petition. See Cervante v. United States, No. 10-50248 (5th Cir. Nov. 18, 2010). And because the Petitioner is housed in a facility over which this Court exercises jurisdiction when he filed the petition, jurisdiction exists to review his claims. See Lee v. Wetzel, 244 F.3d 370, 375 n.5 (5th Cir. 2001); see also United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990) (holding that, "[t]o entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian") (emphasis added).

---

Memorandum [2-1] at p.1, the Petitioner has a home detention eligibility date of December 14, 2012.

2

Before the Court can consider the Petitioner's claims, he must first exhaust the administrative remedies available through the Bureau of Prisons (BOP).  See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); see also Mayberry v. Pettiford, 74 F. App'x 299 (5th Cir. 2003) (stating that there is a judicially-created exhaustion requirement to § 2241 petitions); see also Lundy v. Osborn, 555 F.2d 534, 535 (5th Cir.1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels.  Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.") (citations omitted).  Exhaustion of administrative remedies is required because "judicial review may be facilitated by the agency's development of a factual record, . . . judicial time may be conserved if the agency grants the relief sought, and . . . administrative autonomy requires that any agency be given an opportunity to correct its own errors."  Lee v. Keffer, No. 07-1873, 2007 WL 4680127, at *4 (W.D. La. Dec. 28, 2007)(citing Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3rd. Cir. 1981)).

However, exceptions to the exhaustion requirement exist when the administrative remedies are unavailable, inappropriate for the relief sought, or where the attempt to exhaust the remedies would be futile.  Fuller, 11 F.3d at 62.  Clearly, the exceptions apply only in "extraordinary circumstances" and the inmate bears the burden of demonstrating that such review would be futile.  Id. (citing DCP Farms v. Yeutter, 957 F.2d 1183, 1189 (5th Cir. 1992)).

In the instant civil action, this Court finds that the Petitioner admits that he did not submit a request for administrative remedies.[2]  Memo. [2] p. 5.  However, Petitioner argues that administrative remedies "are inapplicable to the issue under attack and that pursuit of such would

---

[2]According to an attachment to his Memorandum In Support [2], the Petitioner has a projected release date of June 13, 2013.

be futile." Memo [2] p. 14.  Additionally, based on <u>Castro-Cortez v. INS</u>, 239 F.3d 1037 (9th Cir. 2001), <u>Brown v. Rison</u>, 895 F.2d 533 (9th Cir. 1990), <u>Gibson v. Berryhill</u>, 411 U.S. 564 (1973), and <u>Whitner v. Davis</u>, 410 F.2d 24 (9th Cir. 1969), the Petitioner argues that he is excused from exhausting his administrative remedies . <u>Id.</u>  As discussed below, this Court does not find Petitioner's arguments that he is excused from the exhaustion requirement persuasive.

     The Petitioner has not presented "extraordinary circumstances" demonstrating the inappropriateness or futility of exhausting administrative remedies.  See <u>Fuller</u>, 11 F.3d at 62 (5th Cir. 1994).  This Court finds that the Petitioner is challenging his classification which has been assigned to him resulting in his ineligibility to be placed in a minimum security federal prison, a community-based program such as a Community Correctional Center, or home confinement.  Clearly, classification and eligibility to participate in prison programs are issues which can be corrected by the Bureau of Prison and therefore, Petitioner is required to pursue administrative remedies.  See <u>Montoya v. Fleming</u>, No. 4:03-cv-1488, 2004 WL 1418800, at * 2 (N.D. Tex. June 23, 2004)(finding that the BOP "does not have the power to lift the detainer," but determinations relating to classification and eligibility to participate in prison programs are within the purview of the BOP).   Moreover, "[t]he mere fact that Petitioner believes his administrative review will be denied does not make this remedy futile." <u>Purviance v. Maye</u>, No. 1:10-cv-255, 2010 WL 3516193, at * 3 (W.D. Tex Sept. 3, 2010) (citing <u>Herman v. Wendt</u>, No. 3:03-cv-1204, 2004 WL 68018, at * 2 (N.D. Tex. Jan. 13, 2004)(citing <u>Greene v. Meese</u>, 875 F.2d 639, 641 (7th Cir. 1989)("No doubt denial is the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion.")). See <u>Broderick v. Chapman</u>, 364 F.App'x 111 (5th Cir. Feb. 5, 2010).

Based on the Petitioner's filings, the Court finds that he fails to meet the exhaustion requirement of the available administrative remedies program of the BOP and he also fails to establish that there exist extraordinary circumstances excusing such exhaustion requirement. Therefore, because the Petitioner has failed to utilize the administrative remedy process available to him, this action will be dismissed for the Petitioner's failure to exhaust his administrative remedies within the Bureau of Prisons as set forth in 28 C.F.R. § 542.

### III.  Conclusion

This Court has determined that the Petitioner's request that the exhaustion requirements be excused is denied and therefore, this Court concludes that the Petitioner has failed to exhaust his available administrative remedies as required by law.  Therefore, the instant § 2241 habeas petition is dismissed without prejudice.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the   28th   day of   February  , 2012.


      s/David Bramlette
      UNITED STATES DISTRICT JUDGE